IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**SAMUEL JAY LOVE**　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #168174**

V.　　　　　　　　　　NO. 3:23-cv-106-DPM-ERE

**ALEXANDER DELGADO**　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

### RECOMMENDED DISPOSITION

**I.  Procedures for Filing Objections:**

This Recommendation has been sent to United States District Chief Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.  Overview:**

On May 11, 2023, Plaintiff Samuel Jay Love, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Love's complaint alleges that, on April 5, 2023, Sergeant Alexander Delgado used excessive force against him in retaliation for his use of the grievance procedure. Mr. Love is currently proceeding on an excessive force claim and a retaliation claim

against Sergeant Delgado.

Pending before the Court is Sergeant Delgado's motion for summary judgment, supporting brief, and statement of facts arguing that Mr. Love failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 14, 15, 16*. Mr. Love has responded to Sergeant Delgado's motion (*Doc. 18*), which is now ripe for review. For the reasons explained below, I recommend that the Court grant Sergeant Delgado's motion for summary judgment (*Doc. 14*).

**III.** <u>Discussion</u>**:**

    **A.** **The PLRA Makes Exhaustion Mandatory**

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Thus, Mr. Love was required to fully satisfy the ADC's requirements for raising and exhausting the claims he is asserting in this lawsuit *before* bringing this action.[1]

### B. The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 14-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects an appeal. *Id. at 13*.

---

[1] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

3

To properly exhaust his administrative remedies with respect to his claims against Sergeant Delgado, Mr. Love was required to present each claim in a timely filed grievance and to complete all three steps of the ADC's grievance process *before* initiating this lawsuit. See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original).

C.   **Mr. Love's Grievance History:**

In support of his motion, Sergeant Delgado submits the declaration of ADC Inmate Grievance Supervisor Terri Grigsby-Brown. *Doc. 14-3*. Ms. Grigsby Brown's declaration states that Mr. Love fully exhausted seven grievances during the time period relevant to this lawsuit: (1) VSM-23-48; (2) VSM-23-141; (3) NC-23-143; (4) NC-23-164; (5) NC-23-165; (6) NC-23-204; and (7) NC-23-205. *Id. at 3*. Of those seven grievances, only grievance NC-23-165 relates to the pending claims against Sergeant Delgado.[2]

---

[2] Mr. Love filed grievances VSM-23-48 and VSM-23-141 in January 2023, prior to being transferred to the North Central Unit of the ADC. *Doc. 14-3 at 4*. Accordingly, Mr. Love could not have raised any claim related to the April 5, 2023 incident with Sergeant Delgado in those grievances.

In addition, in grievance NC-23-143, Mr. Love complains that Sgt. J. Hunt retaliated against him and harassed him. *Doc. 14-6 at 1*. In grievance NC-23-164, Mr. Love complains that Sgt. Brandon refused to provide him meals. *Doc. 14-8 at 1*.

Finally, although Sergeant Delgado does not include copies of the grievance papers relating to grievances NC-23-204 or NC-23-205, it is undisputed that Mr. Love did not fully exhaust the grievance process regarding those two grievances until June 20, 2023, *after* the May 11, 2023

4

On April 12, 2023, Mr. Love filed grievance NC-23-165. *Doc. 14-9 at 1*. In that grievance, Mr. Love specifically complains that, on April 5, 2023, Sergeant Delgado "squeezed my cuffs so tight I about passed out. Then he twisted my hand as hard and high as he could . . . ." *Id*. As a result of the incident, Mr. Love explains that he suffered injuries to both wrists. *Id. at 2*.

It is undisputed that Mr. Love fully exhausted grievance NC-23-165. However, the Director did not issue his decision until June 20, 2023. *Id. at 6*. On May 11, 2023, Mr. Love filed this lawsuit. *Doc. 2*. Accordingly, Mr. Love did not fully exhaust his administrative remedies regarding his excessive force claim against Sergeant Delgado *before* filing this lawsuit.

In addition, Mr. Love has failed to present any evidence that he ever filed any grievance regarding his retaliation claim against Sergeant Delgado. In his response to Sergeant Delgado's motion for summary judgment, Mr. Love provides only a copy of the June 20, 2023, Director's decision regarding grievance NC-23-165. *Doc. 18 at 2*.

On this record, there is no genuine issue of material fact as to whether Mr. Love exhausted his administrative remedies as to either of his pending claims.[3]

---

filing of this lawsuit. *Doc. 14-3 at 3, 4*. Accordingly, any claim asserted in those two grievances was not fully exhausted.

[3] Mr. Love is free to refile any fully exhausted claim in a new lawsuit.

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Sergeant Delgado's motion for summary judgment (*Doc. 14*) be GRANTED.

2. Mr. Love's excessive force and retaliation claims be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

Dated 30 August 2023.

_____
UNITED STATES MAGISTRATE JUDGE